Sapp v. Newsom.

ADDISON SAPP v. PENELOPE R. NEWSOM.

A marriage by bond in 1830, in which the consent of the parties and their intention to enter into the state of matrimony are clearly shown, will, upon the highest considerations of public policy, be regarded as a mere civil contract, and will be sustained as valid.

The issue of such a marriage will, therefore, be held to be legitimate, and to be capable of inheriting from their deceased parents, notwithstanding the issue were not legitimated by compliance with the conditions of the act of the Consultation of January 16, 1836, or those of the act of the Congress of the Republic of June 5, 1837. (O. & W. Dig., p. 730.)

A party pleading the three years' limitation under a title to real estate derived through an administrator's sale, must connect his deed from the administrator with the order or decree of the Probate Court.

To sustain the plea of the statute of limitations of three years, it is not necessary that all the links in defendant's chain of title should have been recorded.

When the records of a Probate Court had been destroyed by fire, the question whether there had been, among the destroyed records, a valid order of the Probate Court for the sale of the land, was a question of fact for the jury.

If the jury believed from the evidence that there had been an order of sale among such records, the validity of the order would be presumed until its invalidity was shown.

APPEAL from Tyler. Tried below before the Hon. James M. Maxcy.

Suit by the appellee, brought May 3, 1854, for the recovery from the appellant of an undivided interest in a half league of land in Tyler county, and for partition and rents.

The facts, so far as they are involved in the rulings of the court, are substantially stated in the opinion.

The "marriage bond," referred to in the opinion, was in the following words:

"State of Coahuila—Department of Texas.
"July the 23d, 1830.

"Know all men by these presence, that I, Robert Con, of the said State and Department, do promise and agree to take Delila

Allen to be my true and lawful wife, to live togeather after the holy ordinances of God, love, honor, keep her in sickness and in health, forsaking all others and cleave unto her alone so long as we both shall live.

"I, Delila Allen, of the above State and Department, do promise and agree to take the said R. Con to be my lawful husband, to live togeather after the holy ordinances of God, to love, honor and obey, keep him in sickness and in health; forsaking all others, cleave unto him so long as we both shall live.

"ROBERT CONN,　[ L. S. ]<br>
" DELILAH ALLEN.

"'Signed in the presence of
　" Michael Dailey,
　" Elizabeth Dailey."

It appeared from the evidence that these parties did not continue to live together as husband and wife until the death of Robert Conn, in 1835 ; and their marriage was, therefore, not legalized by the second section of the act of the Congress of the Republic, of June 5, 1837.

The cause came to trial at the Spring Term, 1858, when the jury returned a verdict in favor of the plaintiff for her interest in the land, and also for $3985 rents. The court rendered judgment in favor of the plaintiff for the east half of the half league in controversy, and also for two hundred and seventy-six acres out of the west half; and for the amount of rents found by the jury. Defendant moved for a new trial, which was refused, and he appealed.

*Pickett & Rock*, for the appellant.

*B. C. Franklin, L. A. Thompson* and *C. L. Cleveland*, for the appellee.

BELL, J.—One of the most important questions in this case arises upon the charge of the court below, respecting the validity of the registration of the deed under which the defendant in the

court below claimed, in the county of Menard. This court is not, at present, able to enter upon the consideration of this question, because Mr. Justice Moore feels himself interested in its decision in such a manner as, perhaps, to disqualify him for acting upon it judicially. This question must, therefore, in the absence of the chief justice, be passed over. But as we are of opinion that the judgment of the court below must be reversed on grounds not connected with the question of registration in Menard county, we will proceed to express our opinion upon two of the questions which are presented by the assignment of errors.

The first and most important question in the case, so far as the right of the plaintiff below to recover is concerned, is the question of the validity of the contract of marriage between her parents, Robert Conn and Delilah Allen. Robert Conn and Delilah Allen were married in Texas by bond, on the 23d day of July, A. D. 1830. The plaintiff, Penelope R. Newsom, is the offspring of that marriage, and was born in the year 1831. Robert Conn died in the year 1835.

If the validity of the bond marriage between the parents of the plaintiff be denied, then, under the facts developed in this case, it cannot be claimed that she was legitimated, either by the act of the Consultation, of the 17th of January, A. D. 1836, or by the act of the Congress of the Republic of Texas, of the 5th of June, A. D. 1837; because both of those acts prescribed conditions as to the legitimacy of the issue of bond and other irregular marriages, which do not appear, in the case of the appellee, to have been complied with. It was not until the act of the Congress. of the Republic, of the 5th of February, 1841, that the issue of such marriages was legitimated unconditionally. If, then, the bond marriage between Robert Conn and Delilah Allen, in 1830, was not a valid marriage, it would follow that the plaintiff below, Penelope, was not the heir of Robert Conn at the time of his death in 1835, and could not inherit his estate; because, although the act of the 5th of February, 1841, would make her legitimate, it could not retroact to divest the rights of those upon whom descent was cast as the heirs of Robert Conn, at the time of his death in 1835. These conclusions remit the plaintiff below, in

the assertion of her rights as the heir of Robert Conn, to the question of the validity of the bond marriage of the 23d of July, 1830.

We are of opinion that the contract entered into between Robert Conn and Delilah Allen, on the 23d day of July, 1830, was a valid contract of marriage. We do not deem it necessary to discuss the Mexican laws respecting the manner in which marriages could be contracted at that time. Those laws regarded marriage not only as a civil contract, but as a religious rite or sacrament. Regarding marriage as a sacrament, the formalities with which it should be celebrated in Catholic States, usually conformed to the decrees and usages of the church.

The condition of Texas, however, in the year 1830, being such as to render it impossible for the inhabitants to celebrate the rite of matrimony in accordance with the forms prescribed by the decrees of the church, without going beyond the limits of the province, and subjecting themselves to great dangers in traveling to one or two distant points, where ministers of the established religion could be found, we think it the duty of the courts, upon the highest considerations of public policy, to hold that the marriages contracted in those times should be regarded as mere civil contracts, and should be sustained as valid, whenever the consent of the parties and the intention to enter into the state of matrimony, and to assume its duties and obligations, is clearly shown.

The error of the court below, for which the judgment will be reversed, is to be found in the charge of the court in reference to the three years' statute of limitations. The court said : "To entitle the defendant to the protection of the statute of limitations of three years, as set up in the defence, he must connect his title with the proceedings of the Probate Court, under whose orders and decrees he derives title, and his deeds must also have been duly recorded from the government to those under whom he claims, down to himself; if any such link in the chain is wanting, the statute of three years cannot avail the defendant." In this instruction there is error. It is true that it was necessary to connect the deed under which the defendant claims with the orders and decrees of the Probate Court, but it was not necessary that all

the links in the chain of title should appear to have been duly recorded.

The records of the Probate Court of Jasper county having been destroyed by fire, the question whether or not there had been a valid order of sale by the Probate Court of the land in controversy, was a question of fact for the jury; and if the jury believed that there was, in fact, an order of sale, its validity would be presumed until the contrary was shown.

The judgment of the court below is reversed and the cause remanded.